IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHIN REZAZADEH, | : |
| Petitioner, | : CIVIL NO. 3:CV-04-1115 |
| v. | : (Judge Caputo) |
| JOHN ASHCROFT, et al., | : |
| Respondents. | : |

**O R D E R**

Petitioner, Shahin Rezazadeh (A30 961 251), a native and citizen of Iran, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. On March 11, 2004, an Immigration Judge ("IJ") located in York, Pennsylvania, ordered Petitioner removed from the United States to Iran. Petitioner waived his right to appeal the IJ's decision. Thereafter, this petition was filed, claiming that: (1) Petitioner is entitled to release from custody, (2) removal would violate Petitioner's due process rights, (3) Petitioner is entitled to withholding of removal based upon a claim under the Convention Against Torture[1] ("CAT"), and (4) Petitioner is entitled to a stay of removal.

Presently pending is Respondents' unopposed motion to transfer this case to the United States Court of Appeals for the Third Circuit (Doc. 13.)  For the following reasons, Petitioner's challenge to detention pending removal will be denied, and this Court will transfer the case to the Third Circuit Court of Appeals.

---

[1] The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984), adopted by Congress under the Foreign Affairs and Restructuring Act ("FARRA") of 1988, Pub.L.No. 105-277, 122 Stat. 2681-822.

### A.  Transfer Pursuant to Real ID Act.

On May 11, 2005, the Real ID Act of 2005 was signed into law by President George W. Bush.  Pub. L. No. 109-113 (May 11, 2005).  Section 106 of the Real ID Act of 2005 amends section 242 (8 U.S.C. § 1252) of the Immigration and Nationality Act (INA), so as to remove jurisdiction from federal district courts to hear habeas petitions challenging final orders of removal, and to transfer such cases to the appropriate court of appeals as a petition for review.  Real ID Act § 106(a)(1) (adding INA § 242(a)(4) (to be codified at 8 U.S.C. § 1252 (a) (4))).  The proper venue for a petition of review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings.  8 U.S.C. § 1252(b)(2).  Petitioner's removal order was issued by an Immigration Judge in York, Pennsylvania.  Thus, the appropriate court for transfer of this case is the United States Court of Appeals for the Third Circuit.

### B.  Continued Detention.

Petitioner has also sought his immediate release from ICE custody through his petition.  Notwithstanding the jurisdictional changes implemented through the Real ID Act, district courts retain jurisdiction to hear challenges to continued detention by the ICE.  However, Petitioner was released from custody under an order of supervised release dated July 22, 2004 (*See* Doc. 12, Ex. D), and his request for release will be denied as moot.

**ACCORDINGLY, THIS 26th DAY OF JULY, 2005, IT IS HEREBY ORDERED THAT:**

1. Respondents' unopposed motion (Doc. 13) to transfer the above-captioned case to the United States Court of Appeals for the Third Circuit, is **GRANTED**, and the Clerk

of Court is directed to transfer this case to the Third Circuit Court of Appeals as a petition for review pursuant to the Real ID Act of 2005.

    2. The parties shall make all future filings with the United States Court of Appeals for the Third Circuit.

    3. The Clerk of Court shall transfer the entire record in this case to the United States Court of Appeals for the Third Circuit.

    4. Pursuant to the Special Notice from the United States Court of Appeals for the Third Circuit, dated June 16, 2005, within ten (10) days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by this Court is sufficient for purposes of the petition for review, or whether additional documents are necessary.

    5. The Clerk of Court is directed to close this case.

    /s/ A. Richard Caputo  
    A. RICHARD CAPUTO  
    United States District Judge